# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES PATTON,

:

    Petitioner,                           Case No. 3:13-cv-050

:          District Judge Timothy S. Black
  -vs-                                   Magistrate Judge Michael R. Merz

SHERIFF GENE FISCHER, et al.,

:

    Respondents.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR CLASS CERTIFICATION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

This is a habeas corpus case under 28 U.S.C. § 2254. It is before the Court on Petitioner's Motion for Class Certification and to Appoint Counsel (Doc. Nos. 7 & 8). As a habeas corpus case, this matter was referred to the undersigned by virtue of the Court's General Order of Assignment and Reference.

A motion for class certification is classified by statute as a dispositive and therefore, when referred, requires a recommendation from a Magistrate Judge rather than a decision. See 28 U.S.C. § 636(b)(1)(A). A motion for appointment of counsel, in contrast, is a pre-trial motion which a Magistrate Judge may decide upon referral from a District Judge.

Petitioner made his motion for class certification under Fed. R. Civ. P. 23. Rule 12 of the Rules Governing § 2254 Cases provides that the Rules of Civil Procedure may be applied to habeas corpus cases to the extent not inconsistent with any statutory provision or the 2254 Rules. However, by its very nature, a habeas corpus action is not amenable to class action treatment.

1

Class treatment requires, at a minimum, that there be common questions of law or fact among the class members and that the claims or defenses of the representative parties be typical of the claims or defenses of the class which they represent. See Fed. R. Civ. P. 23(a). Habeas corpus relief depends upon the unique circumstances of the individual habeas petitioner, both as to claims and as to defenses. Petitioner has made no showing of common questions or of typicality. Accordingly, it is respectfully recommended that the Motion for Class Certification be denied.

While the Court has authority to appoint counsel to represent indigent habeas corpus petitioners, in the current state of budgeting under the Criminal Justice Act, that authority must be reserved for cases where appointment is required by law, to wit, cases where an evidentiary hearing is ordered. Accordingly, the Motion to Appoint Counsel is DENIED without prejudice to its renewal if an evidentiary hearing is ordered in this case.

April 15, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).