# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES PATTON,

:

    Petitioner,                             Case No. 3:13-cv-050

:          District Judge Timothy S. Black
   -vs-                                 Magistrate Judge Michael R. Merz

SHERIFF GENE FISCHER, et al.,

:

    Respondents.

## REPORT AND RECOMMENDATIONS

      This habeas corpus case is before the Court on Respondents' Motion to Dismiss (Doc. No. 10). The Motion was filed on April 12, 2013, and Petitioner was notified of his obligation to oppose the Motion not later than May 6, 2013 (Doc. No. 11). As of the date of this Report, no opposition has been filed.

      Petitioner avers that he is a pretrial detainee in Respondents' custody and complains that he is being denied personal visits, access to the courts, access to a law library, appropriate living conditions, reading materials, and recreational activities (Petition, Doc. No. 2, PageID 14-15.) Since he claims he is constitutionally entitled to these conditions of confinement and they are not being provided, he asserts a right to immediate release.

      The Supreme Court clarified in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), the appropriate division of labor between habeas corpus and 42 U.S.C. § 1983 in cases involving state prisoners: habeas corpus is the appropriate remedy when a prisoner seeks immediate release (i.e., "when a state prisoner is challenging the very fact or duration of his physical

1

imprisonment" *Id.* at 500); § 1983 is to be used when a prisoner is challenging the conditions of his confinement.  Although Patton does indeed claim that he is entitled to release because of his conditions of confinement, to obtain habeas relief, he must exhaust the remedies available in the state courts, including, of course, trial and appeal.  His admission that he is a pretrial detainee precludes him from claiming entitlement to habeas corpus.

Because he has not exhausted available state court remedies, Patton's Petition should be dismissed without prejudice pending such exhaustion.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability on this Ground for Relief and the Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

May 15, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).